Sise v. Drew.

## SISE v. DREW & Tr.

If the plaintiff seek to charge a trustee by his disclosure alone, its statements, although open to some suspicion, must be taken to be true.

If a trustee has taken of the defendant an absolute deed of land, with a verbal agreement for a trust in favor of the grantor, and this appear in his disclosure, he will be charged in costs.

FOREIGN ATTACHMENT. The trustee disclosed that at the time of the service of the writ, or since, he had in cash

and in small notes placed in his possession by the defendant, $159.37 : That these notes, and others upon which the money had been collected, were placed in his hands about the 25th or 26th of January, 1843, to secure the payment of a note which he held against the defendant for $600 : That the consideration of this note was cash, and that it was dated on the 7th day of July, 1842 : That an action had been commenced upon the six hundred dollar note, but by whose directions the trustee did not know, and a judgment rendered in August, 1843, and execution issued :

That a short time before the disclosure was made, a settlement took place between the defendant and the trustee, in which the execution was included, and a balance found due to the trustee of $612.68, for security of which the defendant gave him deeds of four different tracts of land, with a verbal agreement that after the debt was paid the remainder of the proceeds of the land should be paid over to the defendant.

It also appeared from the disclosure, that the trustee, on the 19th of October, 1842, received of the defendant certain harnesses, for which he gave a receipt, to be accounted for; but he did not enter them upon his book. The price of these harnesses was carried to the credit of the defendant in the account that was settled, as has been stated. The trustee further disclosed, that he held deeds of the homestead on which the defendant had for several years resided. It was conveyed to him by Nutter and Webster. The former made his deed on the 18th of December, 1833, for $262, and the latter on the 23d of April, 1834, for $175 : That he paid Nutter at the time of the conveyance $100, by a receipt against him for that sum, which the defendant transferred to him : That a payment was made to Webster at the time of his conveyance, by a note against David Garland, which the defendant also furnished.

The defendant also paid $25 to Webster in October, 1834, and $10 to Nutter at another time toward the land. All these sums are credited to the defendant in the account that has been referred to.

It further appeared that the defendant was credited in the same account for building wall on the farm, for painting the house, and for other work done on the house ; that the trustee did not remember to have ordered the painting and other work to be done upon the house, nor whether the defendant ever furnished any bill of it till the time of the settlement, a short time previous to the disclosure.

In the same account the defendant was charged $30 annual rent for the farm.

*Elkins,* for the plaintiff, insisted that as the conveyances of the several parcels of land were unconditional, and the trustee was bound to pay over to the defendant what should remain after paying the debt, the debt must be considered as paid by that transaction, and that the notes and money must be deemed as in the hands of the trustee for the defendant's use. If a different intention had existed the conveyance would have been by way of mortgage.

The payments toward the farm were in effect made by the defendant, and amounted to a large portion of the price, and the purchase was in trust for him, and that, therefore, the rent, amounting to $270, should be struck from the account.

GILCHRIST, J. The supposed trustee had received of the defendant sundry sums of money, which, together with several small notes payable to the defendant, which he had also received, amounted to $159.37. These he held as security for the payment of a note given to him by the defendant on the 7th day of July, 1842, for $600, the consideration of which he said was cash. There had

been a judgment recovered upon this note, and upon a settlement between the trustee and the defendant, made a short time before the disclosure, there was due to the for-mer, as he affirmed, $612.68.

To secure this balance, the defendant executed deeds conveying to the trustee several parcels of land, as to which there was a verbal agreement, that, after the pay-ment of the debt, the balance of the proceeds of the land should be paid over to the defendant.

It also appeared that the trustee had received certain harnesses of the defendant, but the price of these was carried to the credit of the latter in the account referred to.

It also appeared that the farm upon which the defend-ant had lived for many years had been conveyed to the trustee, a part of it in December, 1833, and the remainder in April, 1834, by the parties who then owned it, and that some of the payments had been made by a receipt against one of the grantors, which the defendant transferred to the trustee : That the defendant himself had made one or two small payments to the grantors directly; but that all these payments, as well as the receipt, had been credited to the defendant in the account that has been mentioned, and that the defendant was charged in that account for rent of the farm from year to year.

In the same account he was credited for stone-wall built upon the farm, for painting the buildings, and other work done on the house, although the disclosure showed that these improvements had been executed by the defendant without orders from the trustee, and that he had never brought in his bill for them until the settlement that has been named.

If we were at liberty to draw our own inferences from some of the facts disclosed by the trustee, and to disre-gard what he himself has affirmed concerning the true state of things between himself and the defendant, we might, perhaps, arrive at a different conclusion from the

one which we are constrained to form in this case. But the plaintiff has called on the trustee to state the facts, and must abide by those statements. The trustee cannot be charged upon his answer, unless his answer contains matter to charge him, and does not contain matter sufficient to discharge him.

It certainly seems very extraordinary that the defendant should have paid a considerable portion of the price of the farm, and yet should be paying rent for it. It seems also extraordinary that he should repair the buildings, paint the house and build wall without any directions from the pretended and ostensible owner, and that the expense of these improvements should be allowed in the account by the owner, with apparent facility. Yet such are the facts, according to the only evidence that the case affords us, and such we are bound to conclude the facts to be. The trustee treats these various sums paid by the defendant, either directly or indirectly, toward the purchase of the farm, as if they had been accommodated and advanced to himself. They are credited in the account which he says was settled, and so have been fully accounted for.

The harnesses also appear to have been settled for in the same way, although there may have been circumstances connected with the delivery of those goods that should render the precise aspect which the trustee has given to the transaction, less probable than some different hypothesis might seem.

The notes and cash, amounting in his hands to $159.37, ought, perhaps, to have been indorsed upon the note which they came into his hands to secure ; or the amount ought to have been passed to the credit of the defendant on settlement. But it can make apparently no difference to the parties that the business did not assume that form, for we are bound by the statement of the trustee that not only this money but the four parcels of land

are in the hands of the trustee for the purpose of security, as he terms it, of the balance due on the settlement. That is, the money goes to reduce the balance, and the land to secure the remainder in the manner the trustee has described.

There appears to be no ground for charging the trustee, but there is evidence upon which he may be visited with costs, as provided by the Revised Statutes, chapter 208, section 34. From the disclosure, it appears that he took from the defendant absolute deeds of the four parcels of land, but with a verbal agreement, contrary to the force and effect of the deeds, which was, that the trustee should hold the land for the benefit of the defendant, to be sold to pay his debt, and then the money arising from the sale to be paid over to the defendant. In short, the land, though sold to the trustee, was by their secret agreement the defendant's still. This is a fraud upon the creditors of the defendant. The trustee is a party to it, and, therefore, according to the statute referred to, taxable with costs.

*Trustee chargeable with costs.*